DLD-206                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1701
_____

IN RE:  MICHAEL R. SHEMONSKY,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Nos. 10-cv-00260 and 10-cv-00261)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2011

Before:  BARRY, FISHER and VAN ANTWERPEN, Circuit Judges.

(Filed: July 5, 2011)
_____

OPINION
_____

PER CURIAM

Pro se appellant, Michael Shemonsky, seeks review of the District Court's order

dismissing his appeals from two post-judgment orders issued by the Bankruptcy Court.

Upon consideration of the record, we conclude that the District Court properly affirmed

the orders of the Bankruptcy Court and denied Shemonsky's additional motions as moot.

Therefore, because the appeal presents no arguable issues of fact or law, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B), and we do so with little discussion.

It appears that Shemonsky filed a petition under Chapter 7 of the Bankruptcy Code, which was dismissed by the Bankruptcy Court on August 29, 2007. See In re Shemonsky, M.D. Pa. Bankr. No. 07-bk-50374. The District Court affirmed that decision, see M.D. Pa. Civ. No. 07-cv-01885, and we affirmed the District Court's judgment on September 18, 2008. See C.A. No. 07-4499. Shemonsky thereafter filed a motion to reinstate his bankruptcy proceedings. The Bankruptcy Court denied that request, the District Court again affirmed that decision, see M.D. Pa. Civ. No. 09-cv-00170, and Shemonsky's appeal in this Court was procedurally terminated. See C.A. No. 09-3582.

Undeterred, Shemonsky returned to the Bankruptcy Court and filed several post-decision type motions, including a "Motion to Produce Summonses on No. 90-180" and a "Sealed Motion to Produce Wiretap Order and Mail Cover Order." In two separate orders issued on November 17, 2009, the Bankruptcy Court denied the motions after concluding that it was without jurisdiction over Shemonsky's civil action docketed at Shemonsky v. Office of Thrift Supervision, et al., M.D. Pa. Civ. No. 90-cv-00180. Shemonsky sought review in the District Court. After noting that Shemonsky failed to so much as even raise an allegation of error with respect to the Bankruptcy Court's

disposition of the motions, the District Court affirmed that court's orders and dismissed Shemonsky's remaining motions as moot.  This timely appeal followed.[1]

The District Court had jurisdiction to review the Bankruptcy Court's orders pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court's order under 28 U.S.C. §§ 158(d) & 1291.[2]  Our review of the District Court's determination is plenary.  See Kool, Mann, Coffee & Co. v. Coffey, 300 F.3d 340, 353 (3d Cir. 2002).  Upon review of the record, we conclude that Shemonsky's appeal must be dismissed.  As properly noted by the District Court, Shemonsky fails to offer any support for his challenge to the Bankruptcy Court's determination that it has no jurisdiction over a civil action that was disposed of by the District Court in April 1990 – the order of dismissal which we affirmed in a Judgment Order issued on December 31, 1990.  See C.A. No. 90-5392.

Accordingly, because the appeal lacks merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).  Neitzke v. Williams, 490 U.S. 319 (1989).

---

[1] We note that while Shemonsky's notice of appeal makes reference to the District Court's order entered on March 11, 2011, and the March 11th order was entered on the docket in both M.D. Pa. Civ. Nos. 10-cv-00260 and 10-cv-00261, his notice of appeal was only docketed in M.D. Pa. Civ. No. 10-cv-00260.  Given that it appears Shemonsky intended his notice of appeal to be docketed in Civ. No. 10-cv-00261 also, the Clerk of the District Court is directed to enter his notice on the docket in that civil action as well.

[2] Shemonsky filed a timely motion for reconsideration in M.D. Pa. Civ. No. 10-cv-00260, which was denied by the District Court in an Order entered on March 25, 2011.  However, Shemonsky did not file an amended notice of appeal.  Accordingly, the District Court's decision with respect to his reconsideration motion is not within the scope of this appeal.

3